Filed 1/14/15  P. v. Medina CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE NOE MEDINA,<br><br>        Defendant and Appellant. | A141906<br><br>(Contra Costa County<br>Super. Ct. No. 1309541) |

Jose Noe Medina (Medina) appeals from a judgment of conviction and sentence imposed after he entered a no contest plea to numerous offenses.  His attorney has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

## I. FACTS AND PROCEDURAL HISTORY

An information charged Medina with five counts of committing sexual acts with a child 10 years or younger (Pen. Code, § 288.7, subd. (a)), one count of committing a lewd act on a child under the age of 14 (§ 288, subd. (a)), and one count of committing a lewd act on a child aged 14 or 15 (§ 288, subd. (c)(1)).[1]

On February 10, 2014, the information was amended to add four counts of committing lewd and lascivious acts upon a child under the age of 14 by force (§ 288, subd. (b)(1)).

_____

[1]        All statutory references are to the Penal Code.

1

On that same date, while represented by legal counsel, Medina entered into a written plea agreement. In the plea agreement, Medina acknowledged and waived specified constitutional rights, acknowledged the consequences of his plea (including deportation and registration requirements), agreed to enter a plea of no contest to count 6 (committing a lewd and lascivious act on a minor under age 14; § 288, subd. (a)) and four counts of committing a lewd and lascivious act on a minor under age 14 by force (§ 288, subd. (b)), agreed to a state prison term of 27 years 8 months, and agreed to waive presentence credits of 399 days of actual custody. In court, Medina acknowledged reviewing and initialing the written plea agreement and entered his plea. The court found that Medina knowingly, understandingly, and intelligently waived his rights and freely and voluntarily entered his plea with an understanding of its consequences.

Medina thereafter brought a motion to substitute counsel and withdraw his plea. Medina asserted that his attorney at the time of the plea (Castillo) failed to advise him of the deportation and sex registration consequences and failed to adequately review the plea agreement with him.

At a hearing on March 21, 2014, Castillo represented to the court that he had advised Medina of the deportation consequences, discussed the lifetime sex offender registration requirement under section 290, discussed the proposed plea fully with Medina in Spanish, and reviewed the entire plea form with him in detail with a Spanish interpreter.

Medina testified that Castillo told him he could not return to this country if he were deported, but did not explain the immigration consequences or registration requirement clearly. On cross-examination, Medina admitted that a Spanish interpreter had read the plea form to him in Spanish. Medina initially could not recall telling the court he understood the plea form, asserting that his "mind was thinking about other things"; later Medina claimed that he told the court he understood the form "just to say it."

The court observed that the written plea agreement bore Medina's initials next to the advisements about deportation consequences and a registration requirement, and a

2

Spanish interpreter reviewed the form with him. The court also noted that Castillo had spent a couple of hours reviewing the proposed plea with Medina, and Medina had told the court of his understanding of the plea form without hesitation. The court denied Medina's motion to withdraw his plea.

The court imposed the agreed sentence of 27 years 8 months in state prison. The court also imposed a restitution fine of $5,480 (§ 1202.4, subd. (b)), imposed and stayed a parole revocation fine in the same amount (§ 1202.45), imposed other specified fees, ordered Medina to submit samples pursuant to section 296 and register pursuant to section 290, and imposed a 10-year criminal protective order. The court found that Medina was entitled to 39 actual days' credit and six conduct credits for a total of 45 days' credit. The court further found that Medina acknowledged on February 10, 2014, that his appellate rights would be waived.

Medina filed a notice of appeal, challenging the validity of his plea. The court denied Medina's request for a certificate of probable cause.

Medina filed an amended notice of appeal, challenging both the validity of his plea and his sentence (or other matters occurring after the plea that do not affect the validity of the plea). In support of Medina's request for a certificate of probable cause, Medina's new counsel asserted that the court had required him to make an oral argument as to why there was good cause for Medina's motion to withdraw, but denied his request to file a written motion. Counsel also summarized some of the testimony at the hearing on the motion to withdraw, and asserted that the court had ordered the prosecutor to take an appellate waiver from Medina. The court denied the request for a certificate of probable cause.

## II. DISCUSSION

Appellant's counsel represents in the opening brief in this appeal that counsel wrote to appellant and advised him of the filing of a *Wende* brief and his opportunity to personally file a supplemental brief within 30 days. This court has not received any supplemental brief from appellant.

3

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

## III.  <u>DISPOSITION</u>

The judgment is affirmed.

 

_____

NEEDHAM, J.


We concur.


_____

JONES, P. J.


_____

SIMONS, J.